## JACKSON v. GIFFORD–HILL & CO., Inc.
### No. 5869.

Court of Appeal of Louisiana.
Second Circuit.

Feb. 6, 1939.

A. S. Drew, of Minden, for appellant.

L. F. Grigsby, of Minden, for appellee.

TALIAFERRO, Judge.

Plaintiff sued to recover workmen's compensation on the basis of total permanent disability, and from a judgment in his favor defendant appealed.

The issues of the case have been narrowed to one, viz.: Did plaintiff suffer an accident while performing labor for defendant, his employer, to which the injury producing his present state of disability is attributable? The disability is directly due to an incomplete right inguinal hernia.

Plaintiff alleged and testified that he and another negro man named B. D. Cotton were carrying an iron flywheel, weighing about 150 pounds, on a stick about three feet long, from defendant's office building, down a decline to a boat in a stream nearby; that the stick extended through a hole in the center of the wheel, one end of which was held by him while the other end was held by said fellow-workman; that while on the way to the boat he stumbled, partially lost balance, and that the wheel slipped down near his end of the stick, causing it to violently jab his abdomen in or near his right groin; that thereafter he went to work shoveling gravel into a truck bed and "something pulled in my right (side) where the stick jabbed me." He further testified that he immediately went to defendant's office and reported his condition to the foreman, a Mr. Sommerville, and was advised to lie down and if he did not soon feel better that a doctor would be summoned for him. He went di-

rectly to his home, not over one-half mile away. This was about 9:30 o'clock the morning of December 21; 1937. He continued to suffer considerable pain, and late that afternoon his condition was reported to Mr. Sommerville by plaintiff's father-in-law. Sommerville wrote to Mr. E. Willis, the superintendent, the following note:

"Jim: The bearer is Jabbo Jackson's father-in-law. Jabbo hurt his back lifting clutch yesterday; today he complained it was worse so I sent him home. He says now it is worse and may be other complications. Will you see he gets to the doctor."

"Jabbo" is plaintiff's nickname.

Defendant's regular physician visited plaintiff in the early part of the night and found him suffering much pain. His feet were drawn. A hypodermic was given to alleviate his suffering. A physical examination revealed a swollen right testicle. The pain came from this gland and the right inguinal region. This and other conditions disclosed from examinations enabled this physician to diagnose plaintiff's trouble as being an incomplete inguinal hernia. Other physicians agree with this diagnosis. His condition improved and within ten days he was able to walk about. A blood test on February 19, established that he was afflicted with syphilis in an advanced stage.

When carrying the wheel to the boat, plaintiff and the man Cotton were accompanied by another negro who carried the clutch and shaft of the engine of which the flywheel is a part. This third man, and also Cotton, are positive that nothing untoward occurred on the trip to the boat, and that plaintiff did not complain to them of being hurt in such an accident. Mr. J. W. Boise, a mechanic, who was in the boat when the parts of the engine were deposited therein, saw no accident and heard no statement or complaint from plaintiff that one had occurred or that he had been injured on the trip to the boat. The accident could have happened and he not have seen it. Sommerville did not testify in the case. His evidence should throw light upon the question of accident.

Plaintiff gave the following testimony concerning a back injury he received the day before the alleged accident with the flywheel, viz:

"Q. All right, now where did you hurt your back? A. Well, Monday we was taking old clutch out of the engine. I hurt my back at the same time. I must have hurt it twice. The first day we taken the clutch out you see, that Monday evening just about five o'clock, we taken it out, me and Mr. Red set it on the side. I said I hurt my back. I said it is hurt right smart. When five thirty came and wasn't hurting until I fell with the flywheel."

The Mr. Red referred to is the foreman, Sommerville, who wrote the note to Superintendent Willis, above quoted. The contents of the note are readily understood when read in conjunction with the above quoted testimony.

We are not convinced from the testimony before us that plaintiff experienced the accident with the flywheel upon which his suit is predicated. The testimony, however, leaves small doubt in our mind that his present disability may be traced to an injury or injuries suffered by him while performing labor for defendant. He had been working for defendant at its gravel pit for over three months prior to December 21, and had likewise worked there for the owner of the pit prior to defendant's acquisition of it. Evidently he was physically able to meet the requirements of his employment or else he would not have been retained as a laborer so long. He is only 23 years of age.

Plaintiff's testimony, above quoted, considered along with the contents of the Sommerville note, proves that he was rather seriously injured on December 20th, when the clutch was removed from its fastening. His back was strained. It is not improbable that the strain extended into and involved the inguinal region, the powers of resistance of which had been reduced by the syphilitic condition afterwards discovered. If plaintiff suffered an accident on the 20th of December while working for defendant, to which his present disability is attributable, he would be entitled to recover compensation under appropriate allegations. However, the present condition of the pleadings does not warrant a judgment in his favor, based upon an accident of a character and on a date other than those alleged upon. To hold otherwise would deny to defendant the right to defend itself against a demand, the primary basic facts of which are not specifically alleged upon. It is not improbable that the physical effort put forth to carry the heavy flywheel to the boat and that necessary to lift gravel by shovel into the truck were contributing factors to the physical rupture which the doctor

found plaintiff suffering from when he visited him a few hours thereafter, the genesis of which was the strain attending the removal of the clutch the day prior. In other words, the physical efforts put forth by plaintiff the morning of December 21st may have simply developed and made manifest the latent effects of an accident the day before.

We deem it proper in furtherance of the ends of justice to remand this case to the court a quo for further proceedings.

Therefore, for the reasons assigned, the judgment appealed from is reversed, annulled and set aside, and this case is hereby remanded to the lower court with instructions to allow plaintiff to amend his petition so as to disclose, if such be true, that he suffered an accident when removing the clutch on December 20th, and the facts thereof; that defendant be allowed to answer the amendment offered by plaintiff and to plead and urge any legitimate and pertinent defense thereto; and that evidence be received from both sides relevant to the issues raised by said amended petition and answer; that judgment of the court be based upon the entire record in the case. Responsibility for payment of costs is deferred until final decree in the case.

DREW, J., recused.